UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK         **CV 13        3308**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ANTHONY RYAN

                            Plaintiff,     SUMMONS ISS

-against-                                                **COMPLAINT**
                                                   (Jury Trial Demanded)
                              **DEARIE, J.**

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE DAVIS
(whose first name and tax ID are unknown at this time),
and DETECTIVE/OFFICER JOHN DOE (whose name **SCANLON, M.J.**
and tax ID are unknown at this time), and SERGEANT
JOHN DOE OR JANE ROE (whose name and tax ID
are unknown at this time), and LIEUTENANT JOHN
DOE OR JANE ROE(whose name and tax ID are
unknown at this time), all of the 114th Precinct,

                                   Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff Anthony Ryan, by his attorney Rochelle S. Berliner, Esq., for his complaint, alleges as follows:

## NATURE OF THE ACTION

1.      This civil rights action arises from the false arrest and illegal detainment of Anthony Ryan on March 13, 2012. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

## JURISDICTION

2.      This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff asks this Court to exercise pendent

jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

## VENUE

3. Pursuant to 28 U.S.C. §1391(b), venue is proper in the Eastern District of New York because the events forming the basis of plaintiff's Complaint occurred in that District.

## PARTIES

4. Mr. Anthony Ryan is a citizen of the United States and resides at 36-63 34th Street, Apt. 15, Astoria, New York 11106.

5. Defendant Detective Davis ("Defendant Davis"), Defendant Detective/Officer John Doe ("Defendant Detective/Officer") Sergeant John Doe or Jane Roe ("Defendant Sergeant"), and Defendant Lieutenant John Doe or Jane Roe ("Defendant Lieutenant") were, at all times relevant herein, members of the New York City Police Department ("NYPD"). Upon information and belief, at all times relevant herein, they were assigned to the 114th Precinct.

6. Upon information and belief, Defendant Davis, Defendant Detective/Officer, Defendant Sergeant, and Defendant Lieutenant are still members of the NYPD. At all times relevant herein, they were acting within the scope of their employment and under color of law.

7. Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of the individually named defendants.

## ADMINISTRATIVE PREREQUISITES

8. On May 25, 2012, Mr. Ryan filed a timely Notice of Claim with Defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law.

9.  At least thirty days have elapsed since Mr. Ryan filed this Notice of Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

## FACTS UNDERLYING THE COMPLAINT

10.  On or about March 27, 2011, Mr. Ryan was arrested for Assault in the Third Degree (N.Y.P.L. 120.00[1]) and Harassment in the Second Degree (N.Y.P.L. 240.26[1]) for an incident involving Frank Villafuente, the boyfriend of Caroline Ryan, Mr. Ryan's mother.

11.  A Temporary Order of Protection was issued against Mr. Ryan for Mr. Villafuente set to expire, in relevant part, upon the case's disposition.

12.  On or about April 13, 2011, upon motion by the Queens County District Attorney's Office, all charges were dropped and the case was dismissed. Accordingly, the Temporary Order of Protection was vacated.

13.  In early November 2011, Mr. Ryan returned to his mother's apartment.

14.  On or about November 17, 2011, Mr. Ryan was arrested for incident involving Frank Villafuente and Caroline Ryan which included charges of Assault in the Third Degree.

15.  A Temporary Order of Protection was issued against Mr. Ryan for Caroline Ryan set to expire May 17, 2012, or upon the case's disposition, whichever was to come first.

16.  On February 21, 2012, the case against Mr. Ryan was dismissed. Accordingly, the Temporary Order of Protection was vacated.

17.  Approximately one week later, Mr. Ryan returned home and got into a verbal dispute with Caroline Ryan.

18. Caroline Ryan left the apartment, and Mr. Ryan "locked" the door from the inside and walked away.

19. A man whom Mr. Ryan did not know then opened the door from the outside and walked in.

20. Concluding that the lock was broken, Mr. Ryan installed a new lock and then left to pick up some belongings at his friend's house.

21. When Mr. Ryan returned to Caroline Ryan's apartment, he was told the police broke down the door and were looking for him. Unaware that any complaint was filed by Caroline Ryan at this time, Mr. Ryan left.

22. In the days that followed, Defendant Davis requested that Mr. Ryan come to the precinct, to which Mr. Ryan informed him that unless there was a warrant for his arrest, he did not wish to go.

23. Caroline Ryan passed away on or about March 1, 2012, at her friend's house.

24. Defendant Davis was called to the scene of Caroline Ryan's passing.

25. Caroline Ryan's friend called Mr. Ryan to let him know his mother had passed away and then put Defendant Davis on the phone who conveyed to Mr. Ryan that a family member needed to come to confirm Caroline Ryan's identity.

26. Mr. Ryan sent his sister, Francesca, to identify Caroline Ryan's body.

27. At the same time, Francesca also confirmed that there was no warrant for Mr. Ryan's arrest.

28. On the afternoon of March 13, 2012, Defendant Davis and Defendant Detective/Officer arrested Mr. Ryan at his workplace for violating the Order of Protection which had previously been vacated on February 21, 2012.

29. Although Defendant Davis knew that Caroline Ryan had passed away and was further informed by Mr. Ryan that the Order of Protection was no longer valid because the case was dismissed, Detective Davis proceeded to process his arrest, stating in sum and substance that he knew that this was "messed up," that he was "sorry" that his mother had just passed away, and that any Order of Protection could not have been dismissed because they "last from six months to a year."

30. The Order of Protection against Mr. Ryan specifically stated that the "[a]rresting officer should confirm that this Order has not been modified or vacated prior to this date."

31. Despite also being told by Mr. Ryan that the case against him had been dismissed and therefore no Order of Protection in effect, Defendant Davis and/or Defendant Detective/Officer and/or Defendant Sergeant and/or Defendant Lieutenant failed to confirm that the Temporary Order of Protection had indeed already been vacated.

32. After spending approximately three hours at the precinct and approximately seven hours at Central Booking, Mr. Ryan was advised prior to arraignment by the Queens County District Attorney's Office that his arrest was dismissed

33. As a result of this incident and of Defendant's failure to investigate the validity of the Order of Protection both prior to and subsequent to Mr. Ryan's arrest, Mr. Ryan suffered humiliation at work when he was falsely arrested and was unjustly incarcerated for approximately ten hours at a time when he was mourning the death of his mother, all of which Defendant Davis knew or should have known.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights under 42 U.S.C. § 1983)

34. Plaintiff ANTHONY RYAN repeats and re-alleges the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff Anthony Ryan of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

37. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

40. Plaintiff ANTHONY RYAN repeats and re-alleges the allegations contained in paragraphs 1 through 39, as if fully set forth herein.

41. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

42. As a result of the foregoing, plaintiff Anthony Ryan was deprived of his liberty and right to substantive due process, causing severe emotional and psychological harm.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

43. Plaintiff ANTHONY RYAN repeats and re-alleges the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

44. On March 13, 2012, one or more of the individual defendants placed handcuffs on and detained Mr. Ryan.

45. Defendants did not have probable cause to believe that Mr. Ryan had committed any crime. Put simply, Mr. Ryan did not engage in any conduct that warranted his arrest and detention since there was no Order of Protection in effect.

46. Because the individual defendants did not have probable cause to believe that Mr. Ryan had committed a crime, his detention was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

47. As a result of his detention by the individual defendants, Mr. Ryan's liberty was restricted for an extended period of time. Mr. Ryan suffered psychological injury, and continues to suffer psychological injury.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unlawful Imprisonment under 42 U.S.C. § 1983)

48.     Plaintiff ANTHONY RYAN repeats and re-alleges the allegations contained in paragraphs 1 through 47, as if fully set forth herein.

49.     As a result of the individual defendants' conduct, Mr. Ryan was detained in a cell both at the precinct and at Central Booking, and at all times he knew he was detained. Moreover, Mr. Ryan did not consent to his confinement.

50.     As the behavior of Mr. Ryan provided no justification for these defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

51.     As a result of defendants' conduct, Mr. Ryan suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

52.     Plaintiff ANTHONY RYAN repeats and re-alleges the allegations contained in paragraphs 1 through 51, as if fully set forth herein.

53.     Defendants had an affirmative duty to intervene on behalf of plaintiff Anthony Ryan, whose constitutional rights were being violated in his presence by other officers.

54.     The defendants failed to intervene to prevent the unlawful conduct described herein.

55.     As a result of the foregoing, plaintiff Anthony Ryan suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

56. Plaintiff ANTHONY RYAN repeats and re-alleges the allegations contained in paragraphs 1 through 55, as if fully set forth herein.

57. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (False Arrest under State Law)

58. Plaintiff ANTHONY RYAN repeats and re-alleges the allegations contained in paragraphs 1 through 57, as if fully set forth herein.

59. On March 13, 2012, one or more of the individual defendants placed handcuffs on and detained Mr. Ryan.

60. Defendants did not have probable cause to believe that Mr. Ryan had committed any crime. Put simply, Mr. Ryan did not engage in any conduct that warranted his arrest and detention and there was no legal justification for his arrest since there was no valid Order of Protection in effect.

61. As a result of his arrest and subsequent detention by the individual defendants, Mr. Ryan's liberty was restricted for an extended period of time without probable cause. Mr. Ryan suffered psychological injury, and continues to suffer psychological injury.

62. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

63. As the employer of the individual defendants, Defendant City is responsible for Mr. Ryan's injuries under the doctrine of *respondeat superior*.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### (False Imprisonment under State Law)

64. Plaintiff ANTHONY RYAN repeats and re-alleges the allegations contained in paragraphs 1 through 63, as if fully set forth herein.

65. On March 13, 2012, as a result of the individual defendants' conduct, Mr. Ryan was detained in a cell both at the precinct and at Central Booking.

66. Because these defendants did not have probable cause to believe that Mr. Ryan had committed a crime, no legal justification existed for his arrest and detainment.

67. The confinement of Mr. Ryan was not otherwise privileged.

68. Mr. Ryan was conscious of said confinement and did not consent to same.

69. As a result of the foregoing, Mr. Ryan was falsely imprisoned and his liberty was restricted for an extended period of time. Mr. Ryan suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

70. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

71. As the employer of the individual defendants, Defendant City is responsible for Mr. Ryan's injuries under the doctrine of *respondeat superior*.

### AS AND FOR A NINTH CAUSE OF ACTION
### (Negligent Hiring and Retention under State Law)

72. Plaintiff ANTHONY RYAN repeats and re-alleges the allegations contained in paragraphs 1 through 71, as if fully set forth herein.

73. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff Anthony Ryan.

74. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of Defendant Davis and/or Defendant Detective/Officer and/or Defendant Sergeant and/or Defendant Lieutenant to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligent Training and Supervision under State Law)

75. Plaintiff ANTHONY RYAN repeats and re-alleges the allegations contained in paragraphs 1 through 74, as if fully set forth herein.

76. Defendants owed a duty to act according to the standard of ordinary care of a police officer.

77. Defendants breached that duty by failing to act as ordinary police officers would.

78. Upon information and belief the Defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrests of Mr. Ryan.

79. As a result of the individual defendants' conduct, Mr. Ryan has been injured.

80. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

81. As the employer of the individual defendants, Defendant City is responsible for the injuries that Mr. Ryan suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under State Law)

82. Plaintiff ANTHONY RYAN repeats and re-alleges the allegations contained in paragraphs 1 through 81, as if fully set forth herein.

83. One or more of the defendants intentionally and deliberately inflicted emotional distress on Mr. Ryan by falsely arresting him at his workplace and by illegally detaining him during a time when Mr. Ryan was in mourning or by violating his constitutional rights. Defendants knew or should have known that emotional distress was the likely result of their conduct.

84. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

85. As a result of the Defendants' intentional, extreme and outrageous conduct, Mr. Ryan was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

86. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

87. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Ryan suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress under State Law)

88. Plaintiff ANTHONY RYAN repeats and re-alleges the allegations contained in paragraphs 1 through 87, as if fully set forth herein.

89. One or more of the defendants negligently inflicted emotional distress on Mr. Ryan.

90. Defendants had a continuing affirmative duty to perform their duties as police officers in such a manner as not to inflict emotional distress on Mr. Ryan.

91. Mr. Ryan never interfered with the police officers obligations under the above-described duties.

92. As a result of the Defendants' negligent conduct, Mr. Ryan was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

93. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

94. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Ryan suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### DEMAND FOR A JURY TRIAL

95. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all issues.

### PRAYER FOR RELIEF

WHEREFORE, ANTHONY RYAN prays for the following relief:

(a)  compensatory damages in an amount to be determined at trial, but no less than $50,000;

(b)  punitive damages in an amount to be determined at trial;

(c)  reasonable attorneys' fees;

(d)  costs and expenses; and

(e)  such other and further relief as is just and proper.

Dated: Queens, New York
       June 8, 2013

>                              ROCHELLE S. BERLINER, ESQ.
>                              Attorney for Plaintiff
>                              118-21 Queens Boulevard, Suite 504
>                              Forest Hills, New York 11375
>                              (718) 261-5600
>
>                        By:   *[signature]*
>                              Rochelle S. Berliner (RB 7463)